**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                                  Civil No. 08-cv-470-JM

Jack Hoerle

**O R D E R**

The United States seeks summary judgment on its claim for unpaid student loans.

### Facts

The defendant executed and delivered three promissory notes payable to Bay Bank Norfolk County Trust Company (document no. 1, ¶4, document no. 4, ¶4). The notes were as follows:

```
November 8, 1982    $5,000.00 @ 9% per annum
October 21, 1983    $5,000.00 @ 9% per annum
October 22, 1984    $5,000.00 @ 9% per annum
```

see Document no. 1.1 (promissory notes attached as exhibits to the Complaint). The loans were guaranteed by the United States Department of Education (document no. 1, ¶5, document no. 4, ¶5). The defendant borrower defaulted, and the holder filed a claim on the loan guarantee of $16,862.73 (document no. 1.2, Exhibit B). By "Certificate of Indebtedness #1 of 1" (document no. 1.2) and by "Declaration of Amount Due" (document no. 9.1), plaintiff

established that the principal amount was reduced to $4,514.12, with interest accrued as of 6/2/08 in the amount of $6,117.42, and interest thereafter accruing at the rate of $1.11 per day. Defendant's objection is not supported by affidavit, nor by an unsworn declaration under penalty of perjury.[1]

## Discussion

### 1. Standard of Review

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue is one "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved

---

[1] A motion for summary judgment must be accompanied by a statement of material facts supported by appropriate record citations, and any opposition must state which facts are disputed with similarly appropriate record citations. See United States District Court for the District of New Hampshire Local Rule ("LR") 7.2(b)(1) and (2); Fed. R. Civ. P. 56(c). The record that is relied upon to demonstrate that there are no genuine issues of fact must contain admissible evidence. Fed. R. Civ. P. 56(e). Plaintiff has submitted unsworn declarations under penalties of perjury under 28 U.S.C. § 1746, as well as self authenticating documents. Defendant's objection is unsupported by any admissible evidence. Thus, plaintiff's statement of facts is deemed admitted and the court will proceed based on those facts. See LR 7.2(b)(2); see also Mariani-Colon v. Dep't of Homeland Sec., 511 F.3d 216, 219 (1st Cir. Dec. 18, 2007) (enforcing local rule governing evidence submitted in support of summary judgment).

in favor of either party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 (1986). A material fact is one "that might affect the outcome of the suit." <u>Id.</u> at 248.

In ruling on a motion for summary judgment, the court construes the evidence in the light most favorable to the nonmovant. <u>See</u> <u>Navarro v. Pfizer Corp.</u>, 261 F.3d 90, 94 (1st Cir. 2001). The party moving for summary judgment "bears the initial responsibility of . . . identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the burden shifts to the nonmovant to "produce evidence on which a reasonable finder of fact, under the appropriate proof burden, could base a verdict for it; if that party cannot produce such evidence, the motion must be granted." <u>Ayala-Gerena v. Bristol Myers-Squibb Co.</u>, 95 F.3d 86, 94 (1st Cir. 1996) (citing <u>Celotex</u>, 477 U.S. at 323; <u>Anderson</u>, 477 U.S. at 249). Neither conclusory allegations, improbable inferences, nor unsupported speculation are sufficient to defeat summary judgment. <u>Carroll v. Xerox Corp.</u>, 294 F.3d 231, 236-37 (1st Cir. 2002).

2. <u>Plaintiff's Claim</u>

Plaintiff's claim is on three promissory notes. By virtue of

the facts in plaintiff's unrefuted "Certificate of Indebtedness" and "Declaration of Amount Due," the notes have been acknowledged and the amount due is admitted.[2]  On plaintiff's claim, there are no genuine issues of material fact.  Defendant owes plaintiff the sum of $10,631.54 as of June 2, 2008 and interest of $1.11 per day from June 2, 2008 to the date of judgment.  The defense of laches is not a valid defense in a student loan collection case.  See United States v. McLaughlin, 7 F.Supp. 2d 90, 92-93 (D. Mass. 1998).

Plaintiff's motion for summary judgment (document no. 7) on its claim is granted.[3]

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: August 11, 2009

cc:   Michael T. McCormack, Esq.
      Jack Hoerle, *pro se*

---

[2] If the facts in defendant's objection were true, he would owe even more money.

[3] While it appears clear that defendant's counterclaim does not meet the pleading standard under Fed. R. Civ. P. 8(a)(2), I do not view Ashcroft v. Iqbal, 129 S. Ct. 1937 as encouraging sua sponte dismissal of insufficiently pled claims.  A motion to dismiss is required.

4